Argued and submitted March 12, affirmed April 25, reconsideration denied August 1, petition for review allowed September 18, 1990 (310 Or 393)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHNNY J. COUNTS,
*Appellant.*

(C88-08-35588; CA A60040)

790 P2d 1209

Leland R. Berger, Portland, argued the cause for appellant. With him on the brief were Jon P. Martz and Rieke, Geil & Savage, P.C., Portland.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## EDMONDS, J.

Defendant appeals from a judgment of guilty of murder except for insanity and the order placing him under the jurisdiction of the Psychiatric Security Review Board for life.[1] ORS 161.327(7). Before trial, defendant filed notices of intent to rely on the defenses of mental disease or defect, extreme emotional disturbance and diminished responsibility. ORS 161.309; ORS 163.135. He waived a jury trial, and the court tried the case on stipulated facts. Defendant assigns as error the trial court's conclusion

> "that proof of the defense of mental disease or defect to the charge of murder excludes consideration by the trier of fact of the concurrently raised partial defense of extreme emotional disturbance."

We affirm.

In a taped statement that the court admitted into evidence, defendant stated that he believed that his wife was trying to poison him and his dogs. He said that he got up early on the morning of his wife's death and, when he walked by her bedroom, he thought that he heard her whisper, "die, die." He confessed that he then got a handgun from a closet and shot her in the head. He admitted that he put the handgun in her hand to make it look like she had committed suicide.

The trial court heard argument on the various defenses advanced by defendant and concluded, in pertinent part:

> "I believe that the defense of mental disease or defect excludes the possibility of raising extreme emotional disturbance, both of which would stand. In other words, I think they are mutually exclusive. I think you can raise both in a case, but a jury would have to be instructed that one or the other applies[.]
>
> "* * * * *
>
> "Because the Court has concluded that [mental disease or defect] is a complete defense to the crime, and there was no intentional murder, there's no reason to consider mitigation. I think that to hold otherwise would create, as Dr. Colbach noted—it would really muddy the waters if we start including

---

[1] Life is the maximum sentence that defendant could have received for murder, had he not been found guilty except for insanity. ORS 163.115(3).

within mental disease and defect, the concept of extreme emotional disturbance, and as he noted, in his experience that has never been done in the past. Of course, that certainly is not the basis for a Court's ruling.

"I think all of the doctors here recognize the issue was more a legal issue, and not a psychiatric issue, in determining whether one includes the other or they are mutually exclusive. It is clear from the Court's review of the exhibits, that the Defendant suffered from a mental disease or defect, and that it was sufficient to constitute a defense to this charge as all three doctors agree. Therefore, the Court would enter a finding in this case that the Defendant is guilty except for insanity of the crime of Murder, and that the mental disease or defect the Court talked about existed at the time of the alleged crime."

Defendant argues that the trial court erred, because the insanity defense and the defense of extreme emotional disturbance are not mutually exclusive, and that the court's conclusion that they are precluded the possibility of it rendering a verdict of guilty except for insanity on the lesser included offense of manslaughter in the first degree.[2] ORS 163.118(1)(b).

The extreme emotional disturbance defense provides only a basis for mitigation, whereas a finding of mental disease or defect precludes criminal responsibility. To prove the emotional disturbance defense, a defendant must demonstrate that there is a "reasonable explanation" for his conduct "from the standpoint of an ordinary person in the actor's situation under the circumstances as the actor reasonably believes them to be." ORS 163.135(1). Thus, the defense requires the trier of fact to make an objective determination of what an ordinary person would experience under the accused's circumstances without regard for his personality characteristics. *State v. Ott*, 297 Or 375, 396, 686 P2d 1001 (1984).

A person is guilty except for insanity if he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law as a result of his mental disease or defect. ORS 161.295. A person who cannot appreciate the criminality of his conduct

---

[2] A judgment to that effect would result in an order placing defendant under the jurisdiction of the Psychiatric Security Review Board for 20 years, instead of for life. ORS 161.327(1); ORS 161.605(1).

or conform his conduct to the requirements of the law is not acting as an ordinary person in our society would act. Although a defendant could present evidence on both defenses, a trier of fact could not find both defenses to be established in the same factual situation. The trial court did not err.

Affirmed.